# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SMART OIL, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DW MAZEL, LLC,** <br><br> Defendant. | **Case No. 15 C 8146** <br><br> **Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Smart Oil, LLC moved for and won summary judgment against Defendant DW Mazel, LLC ("DWM") as to Count I of the Complaint: breach of contract. (Dkt. No. 85.) Having prevailed on this claim, Smart Oil now moves for damages, pre-judgment interest, attorneys' fees, and costs. For the reasons stated herein, Smart Oil's Motion (Dkt. No. 98) is granted in part and denied in part.

## I. BACKGROUND

The Court has already granted summary judgment in Smart Oil's favor regarding DWM's breach of contract. *See Smart Oil*, *LLC v. DW Mazel, LLC,* No. 15 C 8146, 2019 WL 354977 (N.D. Ill. Jan. 29, 2019). That ruling sets out the facts of this case in detail and the Court need not reiterate them here. But to provide a quick overview: this lawsuit arose out of a contractual dispute between a buyer, DWM, and a seller, Smart Oil, concerning a November 2, 2014, Purchase and Sale Agreement and Joint Escrow Instructions

(the "November Agreement" or "Agreement"). The purpose of the November Agreement was to sell thirty parcels of real property, including gas stations and convenience stores. The Agreement required DWM to pay an initial deposit of $300,000.00 to the Initial Escrow Holder, Jeffrey Zwick & Associates ("Zwick"), and required Zwick in turn to transfer the initial deposit to the Title Company Escrow Holder, First American Title Insurance Company ("FATICO"). The November Agreement also required DWM to pay a subsequent deposit of $450,000.00 to FATICO at the close of the Due Diligence Period on November 30, 2014. As it turns out, DWM never paid the initial deposit or the subsequent deposit (collectively the "Earnest Money Deposit"), which led Smart Oil to bring the instant action for breach of contract. Smart Oil seeks to enforce its right to the deposits in the total amount of $750,000.00.

Smart Oil filed this action on September 16, 2015, alleging two counts: (1) breach of contract against DWM (Count I); and (2) declaratory judgment against Zwick (Count II). Smart Oil and Zwick resolved their disputes, settled, and agreed to dismiss Zwick from this action. (*See* Stipulation of Dismissal, Dkt. No. 64.) Accordingly, the Court dismissed Count II of Smart Oil's Complaint as moot. Smart Oil and DWM proceeded to litigate Count I. In its January 29, 2019, Memorandum Opinion and Order ("Opinion"), this Court granted summary judgment in Smart Oil's favor, finding that

DWM breached the November Agreement by failing to pay the required Earnest Money Deposit. *Smart Oil, LLC*, 2019 WL 354977, at *10.

Now Smart Oil moves this Court for a final judgment against DWM awarding Smart Oil $750,000.00 in damages, $169,043.11 in pre-judgment interest, $140,340.00 in attorneys' fees, and $3,689.05 in costs.

## II. <u>ANALYSIS</u>

DWM raises various arguments against Smart Oil's petition for fees, including: (1) Smart Oil is not entitled to a $750,000.00 judgment; (2) alternatively, DWM is entitled to a setoff from any amount awarded to Smart Oil; (3) Smart Oil is not entitled to an award for pre-judgment interest; and (4) Smart Oil is not entitled to the entirety of the attorneys' fees that it seeks. Each argument will be discussed separately and in detail below.

### A. Judgment of $750,000.00 (Earnest Money Deposit)

Smart Oil seeks $750,000.00 in damages, which represents the combined total of the Earnest Money Deposit. DWM contends, however, that Smart Oil is not entitled to that amount because the money was never placed in escrow. DWM raises various arguments and cites to several cases to support its proposition, all of which were included initially in its motion for summary judgment and, most recently, in its motion for reconsideration of this Court's January 29, 2019, Opinion. (*See* Def.'s Mot. for Summ. J., Dkt. No. 74; Def.'s Mot. for Reconsideration, Dkt. No. 103.) The Court

already considered DWM's argument in its Opinion and rejected it, *see Smart Oil, LLC*, 2019 WL 354977, at *8, as well as denied DWM's motion for reconsideration on the matter (*see* 5/28/19 Order, Dkt. No. 106). In its Opinion, the Court emphasized that "the fact that there are no escrow funds to recover does not preclude Smart Oil from receiving liquidated damages." *Smart Oil, LLC*, 2019 WL 354977, at *8. The Court explained:

> DWM primarily relies on *Cutielletta v. Griffin,* No. 113429-U (Ill. App. Ct. 2012), which the Court notes was filed under Illinois Supreme Court Rule 23. That rule prohibits citing such orders as precedent. Regardless, the reasoning in that case is also inapplicable here. In *Cutielletta,* the court refused to award the plaintiffs the earnest money, which was never deposited in escrow, because "the contract did not contain any language which explained that the escrowee was to pay the seller if the final earnest money was not deposited in escrow when the buyers defaulted by terminating the contract." *Id.* at ¶ 60. Here, however, the liquidated damages provision explicitly states that "Seller shall receive the entire Ernest Money Deposit and all accrued interest thereon as complete liquidated damages." (November Agreement at 14-15.) The terms of the contract itself determine the result. DWM's argument thus fails.

*Id.* Apparently, this analysis was not enough for DWM, as it later filed a motion for reconsideration, arguing that the Court failed to provide a discussion of two other cases it cited: *Brown v. Real Estate Res. Mgmt., LLC*, 388 B.R. 338 (Bankr. N.D. Ill. 2008), and *Newcastle Properties, Inc. v. Shalowitz*, 221 Ill. App. 3d 716 (1st Dist. 2012). A Court need not explain to a party why every case it

string cites misses the mark. Nevertheless, in a hearing before the Court on May 28, 2019, the Court denied DWM's motion for reconsideration, explaining why the cited cases were distinguishable. (*See* 5/28/19 Court Transcripts.) The Court need not address DWM's argument for a third time. Smart Oil is entitled to $750,000.00 for the Earnest Money Deposit.

### B. Judgment Setoff

DWM contends that even if Smart Oil is entitled to the $750,000.00 for the Earnest Money Deposit, DWM is entitled to a setoff. Smart Oil and Zwick entered into a settlement agreement, and on May 21, 2018, filed a joint stipulation dismissing Zwick from this action. The specifics of the settlement agreement are confidential and under seal, but the parties acknowledge that Zwick agreed to make a settlement payment to Smart Oil. This payment, DWM argues, must be deducted from the $750,000.00 it owes for the Earnest Money Deposit. The Court agrees, as does Smart Oil. In its May 28, 2019, Minute Order, the Court directed Smart Oil and DWM to file position papers on the matter. (*See* 5/28/19 Minute Order.) On June 7, 2019, the parties filed a joint position paper, acknowledging that DWM is entitled to a setoff and providing the amount for the setoff therein. Accordingly, the Court finds that DWM is entitled to that setoff amount, which will be deducted from the overall judgment entered.

## C. Pre-judgment Interest

The parties dispute whether Smart Oil is entitled to an award of pre-judgment interest on the $750,000.00 and, if so, how much that interest should be. The Illinois Interest Act (the "Act") provides that "a creditor shall be awarded interest at the rate of 5% per year for all moneys after they become due on any 'instrument of writing.'" *PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 895 (7th Cir. 2004) (citing 815 ILCS 205/2 (2002); *Sna Nut Co. v. Haagen-Dazs Co.*, 302 F.3 725, 734 (7th Cir. 2002).) Granting pre-judgment interest allows the Court "to make a deprived plaintiff whole." *Jahn v. Kinderman*, 814 N.E. 2d 116, 122 (Ill. App. Ct. 2004) (citation omitted). To demonstrate debt on an instrument of writing, a creditor must establish three elements: "(1) a written instrument that establishes indebtedness; (2) a specific or inherent due date; and (3) that the indebtedness is subject to easy calculation." *PPM Fin., Inc.*, 392 F.3d at 895 (citation omitted).

DWM first argues that the Act is inapplicable and Smart Oil is not entitled to pre-judgment interest because "no funds were ever deposited into an escrow account" and thus, "no amount ever became due on the parties' contract." (Def.'s Resp. to Pl.'s Mot. for Interest, Fees, and Costs at 7, Dkt. No. 102.) In other words, DWM contends that the November Agreement does not establish indebtedness. (*See* Purchase and Sale Agreement and Joint Escrow

Instructions ("November Agreement"), Ex. 1 to Pl.'s Mot. for Interest, Fees, and Costs, Dkt. No. 98-1.) The Court disagrees. As it made clear in its January 29, 2019, Opinion, "the liquidated damages provision [of the Agreement] provided for the payment of $750,000.00 to Smart Oil in the event of a breach by DWM." *Smart Oil, LLC*, 2019 WL 354977, at *7. Moreover, "DWM's obligation to pay the Earnest Money Deposit remained intact." *Id.* at *5. This Court has already found that the November Agreement constitutes a written instrument that establishes DWM's indebtedness—its obligation to pay the Earnest Money Deposit in the amount of $750,000.00. DWM's argument fails.

DWM next argues that the Act is inapplicable because there was no specific or inherent due date to pay the Earnest Money Deposit. The November Agreement unambiguously provided that on November 30, 2014, the Due Diligence Period closed. (November Agreement at 4.) However, DWM asserts that Smart Oil extended that deadline well into May of 2014, so that DWM could continue to conduct due diligence investigations and contract negotiations. In support of this, DWM references emails it attached to its Rule 56.1(a)(3) Statement of Material Facts. (*See* Emails, Ex. 6 to Def.'s Stmt. of Material Facts, Dkt. No. 75-6.) The Court is familiar with DWM's argument and has addressed it once before. In its January 29, 2019 Opinion, the Court already determined that the parties did not agree upon extending the Due Diligence Period.

*See Smart Oil, LLC*, 2019 WL 354977, at *9 (emphasizing that "continued negotiations do not mean Smart Oil extended the Due Diligence Period"). The Court finds no reason to reconsider that finding. All of the requirements to trigger the Illinois Interest Act have been met. The November Agreement is a written instrument that established Smart Oil's right to the Earnest Money Deposit, which was due upon the close of the Due Diligence Period on November 30, 2014. And DWM's indebtedness was for a specific and defined amount—$750,000.00.

DWM does not rest there; instead, it argues that even if the November Agreement constitutes an instrument of writing under the Act, Smart Oil is not entitled to recover the statutory pre-judgment interest, as opposed to the interest rate provided in the Agreement. DWM relies on *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 555-56 (7th Cir. 2002), for support. That case, however, does little, if anything, to shed light on this matter. The court in *BEM I* did not consider the applicable rate of interest, but rather stated that arbitrators are awarded pre-judgment interest under the rules of the American Arbitration Association, "which include a rule awarding pre-judgment interest whether or not the damages are a sum certain." *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 556 (7th Cir. 2002). The court did not reach the issue of whether pre-judgment interest should be awarded but noted that

parties can agree to pre-judgment interest beyond the scope of the Illinois Interest Act. *Id.*

Here, the November Agreement does not specify an interest rate for determining pre-judgment interest. Rather, the Agreement provides that "[t]he Deposit shall be placed by the Escrow Holder in an interest bearing account with a federally insured financial institution" and "[i]f Buyer defaults . . . Seller shall receive the entire Earnest Money Deposit and all accrued interest thereon as complete liquidated damages." (November Agreement at 2, 5.) However, the November Agreement does not specify where the Escrow Holder was to hold the Earnest Money Deposit, nor does it provide the applicable interest rate therefor. Moreover, since DWM never funded the Earnest Money Deposit, there was never an escrow account in which interest could accrue. Thus, the Agreement itself and the specific facts of this case do not offer a solution wholly clear on the matter of imposing pre-judgment interest. The Agreement does state, however, that it "shall be governed by and construed in accordance with the laws of the State of Illinois" (November Agreement at 20), and Illinois law includes the Illinois Interest Act. Therefore, given the circumstances, the Court finds it appropriate to afford Smart Oil the applicable rate of interest proscribed by the Act—an annual interest rate of 5% of the Earnest Money Deposit of $750,000.00, beginning from December 1, 2014,

through January 28, 2019, for a total amount of $169,043.11. 815 ILCS 205/2.

### D. Attorneys' Fees and Costs

As the prevailing party, Smart Oil is entitled to attorneys' fees. *Farrar v. Hobby*, 506 U.S. 103, 113-14 (1992). To determine the appropriate amount for attorneys' fees, courts use the "lodestar" method—multiplying each attorney's reasonable hourly rate by the number of hours the attorney reasonably expended. *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking fees bears the burden of proving the reasonableness of the hourly rate and hours expended. *Id.* at 436. Further, "[a] good faith effort must be made to exclude excessive, redundant, or unnecessary hours." *Valerio v. Total Taxi Repair & Body Shop, LLC,* 82 F. Supp. 3d 723, 730 (N.D. Ill. 2015) (citation omitted), *amended*, 2015 WL 3962573 (June 25, 2015). And the Court, "for its part, must exclude hours it deems inadequately documented or not reasonably expended on litigation." *Id.* After calculating the "lodestar," the Court can adjust the amount based on the factors set forth in *Hensley*, 461 U.S. 424, 433 (1983).

Smart Oil asserts that it is entitled to $140,340.00 in attorneys' fees. Based on the documents submitted to this Court, however, it appears that Smart Oil's own calculation was slightly

off, and it is instead seeking $140,027.50. That lodestar calculation is based on the following:

| INDIVIDUAL | POSITION | RATE | HOURS | FEES |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 6.5 | $2,275 |
| Jeffrey E. Crane | Counsel | $350 | 384.4 | $134,540 |
| Sara L. Lorber | Associate | $325 | 1.4 | $455 |
| Luciana Galarz | Paralegal | $250 | 1.1 | $275 |
| Ricki Podorovsky | Paralegal | $150 | 11.3 | $1,695 |
| Sam Rogers | Legal Assistant | $100 | 3.6 | $360 |
| Danielle Ranallo | Legal Assistant | $75 | 5.7 | $427.50 |
| | | **Totals:** | **414.0** | **$140,027.50** |

DWM argues that Smart Oil's request for fees is unreasonable because: (1) Smart Oil improperly seeks attorneys' fees for litigation of its claim against Zwick; and (2) Smart Oil's attorneys billed significant time on vague entries, unnecessary or excessive legal work, and administrative tasks. The Court will address each argument separately.

In general, "a prevailing party is only entitled to recover for the hours devoted to the claim which it prevailed." *World Outreach Conf. Ctr. v. City of Chicago*, 234 F. Supp. 3d 904, 914-15 (N.D. Ill. 2017) (citing *Richardson v. City of Chicago*, 740 F.3d 1099, 1103 (7th Cir. 2014)). DWM points out that Smart Oil filed suit against Zwick, in addition to itself, and Smart Oil filed a Complaint with two separate counts, one for each defendant.

Smart Oil prevailed against DWM on Count I—breach of contract—and settled with Zwick, mooting the Count II—declaratory judgment. Zwick represented itself against Smart Oil separately and independently of DWM. Thus, DWM argues that time billed by Smart Oil's attorney's during the time involving litigation with Zwick—$84,994.50—should be reduced in half, or by $42,497.25. Smart Oil disagrees, contending that the breach of contract claim against DWM was the primary claim and if not as a party, Zwick would still have been a necessary witness and Smart Oil would have pursued the same discovery from it. As such, Smart Oil argues there should be no reduction of attorneys' fees based on work solely relating to Zwick. The Court agrees in part with DWM but refrains from adopting wholesale its calculation for reducing attorneys' fees. While some time spent in the lawsuit would have taken place regardless of Zwick's status as a named party, other time spent—*e.g.,* settlement matters, communications, and so forth—would not have. As DWM points out, however, it is not clear which billing entries relate specifically to litigation against Zwick, as opposed to DWM, or both. When a fee petition is "vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requirement court to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). Accordingly, in its discretion, the Court will

reduce the overall attorneys' fees by one-fifth or $28,005.50, resulting in an amount of $112,022.00.

This reduction also takes into account DWM's second argument, asserting that Smart Oil billed vague entries, unnecessary legal work, and administrative tasks. Counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 424. Time billed by legal assistants and paralegals are appropriate. *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 937 (N.D. Ill. 2009) (awarding fees for paralegals). The Court, however, disallows hours spent on tasks that would not normally be billed to a paying client, as well as those hours spent "on tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999) (quoting *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)).

DWM disputes various entries as follows: (1) the hours billed by William Factor ("Factor") should be stricken because he had a limited role in the lawsuit, namely phone conferences, emails, and reviewing select documents prepared by Jeffrey Crane ("Crane"); (2) the time Smart Oil spent on the instant motion for fees and costs was excessive; (3) the time Crane billed to prepare Requests to Admit should be stricken because no such discovery was ever issued; (4) the time Luciana Galarz ("Galarz") spent preparing and

attending a hearing should be stricken because she is not a licensed attorney; (5) Smart Oil billed for administrative tasks; and (6) Smart Oil used block billing incorrectly. Each argument will be discussed in turn.

First, the fact that Factor had a limited role in the lawsuit does not deny him the ability to bill hours worked on this litigation. Smart Oil asserts that the few hours billed by Factor were necessary and valuable, given his legal knowledge, skills, and judgment. As the Seventh Circuit noted, "[t]he practice of law often, indeed usually, involves significant periods of consultation among lawyers. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's *[sic]* trying to wade through the issue alone." *Tchemkou v. Mukasey*, 517 F.3d 506, 511-12 (7th Cir. 2008). The relevant inquiry remains whether the time was "reasonably expended." *Hensley*, 461 U.S. at 444. The Court finds the limited time Factor expended on the instant litigation reasonable. DWM has failed to provide any rationale to provide otherwise; thus, its argument fails.

Second, the Court notes that the amount of time spent on the instant motion—56.5 hours—seems slightly excessive. Smart Oil points out that beyond the briefing, however, it provided affidavits and interest calculations with supporting documentation, which required the additional hours spent.

Generally, in determining the reasonableness of time spent preparing a fee petition, courts consider "the comparison between the hours spent on the merits and the hours spent on the fee petition." *Spegon*, 175 F.3d at 554. Where time expended preparing the petition is disproportionate to the time spent on the merits of the case, courts reduce the amount of time recoverable for the preparation of the fee petition. *Id.* Here, for the 414 hours billed, Smart Oil spent 13.6% of its time preparing the instant motion. DWM, however, has not provided any basis of comparison for the Court to conclude that the 56.5 hours expended on the fee petition in this case is in fact unreasonable. *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) (rejecting excessiveness challenges where the defendant "offered no objective standard, no 'reasonable' number of hours to spend on a given activity, with which to compare" to the plaintiff's fee request); *see also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation."). Accordingly, the Court declines to reduce fees on this basis.

Third, DWM argues that time billed for Requests to Admit should be stricken because no such discovery was ever issued. Smart Oil acknowledges that it never sent these requests to DWM but asserts that it did serve interrogatories and requests for production that relied on the work done for said Requests to Admit.

While some work done might have been fruitful for subsequent matters, the entirety of that work still proved unnecessary. As such, a reduction in fees is warranted on this basis and is incorporated in the abovementioned $28,005.50 deduction.

Fourth, DWM notes that there are two entries for Luciana Galarz that should be stricken because she is not a licensed Illinois attorney. Smart Oil asserts that it mistakenly identified Galarz as the person responsible for doing the work in those two entries, when in fact it was an attorney named James Liu ("Liu"). The Court will give Smart Oil the benefit of the doubt and declines to reduce fees on this basis.

Fifth, DWM asserts that time billed for tasks performed by Danielle Ranallo and Sam Rogers should be stricken because they were administrative. These tasks include, among other things, filing the complaint, reviewing motions, and preparing summonses, interrogatories, notices, civil cover sheets, and so forth. (*See* Ex. 10 to Def.'s Resp. to Pl.'s Mot., Dkt. No. 102-10.) DWM is correct. Courts should not permit recovery for administrative or clerical tasks, such as organizing file folders, preparing documents, and copying documents. *Spegon*, 175 F.3d at 553. Accordingly, in its discretion, the Court finds it appropriate not to strike entry by entry, but rather incorporate this finding in its overall reduction of $28,005.50. *See Harper*, 223 F.3d at 605.

Finally, DWM challenges Smart Oil's reliance on block billing, whereby a party combines several discrete tasks in a single billing entry without specifying the amount of time spent on each task. While block billing "does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2009). DWM asserts that this Court can presume Smart Oil billed incorrectly by comparing its entries pre- and post-judgment. While the numbers might seem suspicious, the Court is unable to address this matter without more. This Court is "not obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 736 (7th Cir. 2010). DWM's argument fails.

As provided above, the blanket one-fifth reduction this Court imposes incorporates all of the aforementioned meritorious concerns DWM raises. As such, Smart Oil is entitled to $112,022.00 in attorney's fees. Smart Oil also seeks $3,689.05 for costs. It appears to the Court that DWM does not object to those costs; thus, since costs appear reasonable, the Court grants them.

### III. **<u>CONCLUSION</u>**

For the reasons stated herein, Smart Oil's Motion for Pre-judgment Interest, Attorneys' Fees, and Costs (Dkt. No. 98) is granted in part and denied in part. Smart Oil is entitled to:

- $750,000.00 in damages;

- $169,043.11 in pre-judgment interest;

- $112,022.00 in attorneys' fees; and

- $3,689.05 in costs; or

- $1,034,754.16 for the total award, subject to the judgment setoff amount in the parties' June 7, 2019, joint position paper provided to the Court.

**IT IS SO ORDERED.**

                                                 Harry D. Leinenweber, Judge
                                                 United States District Court

Dated: 7/10/2019